UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES A. MOON, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-296-JD-JEM |
| JOHN GALIPEAU, et al., | |
| Defendants. | |

OPINION AND ORDER

Charles A. Moon, Jr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against nine defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On November 16, 2020, Moon was transferred to Westville Correctional Facility's R-Dorm. ECF 1 at 3. When he entered R-Dorm, he was given a strip search and cavity search. *Id*. Cpt. L. Machin, Sgt. Caldwell, and Ofc. Early conducted an inventory search of his personal property, which included his clothing, shoes, food, photo albums, and legal work. *Id*. After the searches, he was allowed to proceed to his room in R-Dorm with his personal property. *Id*.

The next day, on November 17, Cpt. Machin and UTM D. Hood conducted another strip search of Moon and shook down his room. *Id*. After the search, Cpt. Machin wrote a disciplinary conduct report charging Moon with unauthorized possession of property, a violation of Indiana Department of Correction ("IDOC") offense B-215. *Id*. at 3-4. Moon asserts his roommate heard Cpt. Machin ask UTM Hood if Moon could be written up on the disciplinary offense, but UTM Hood told him "no, we cannot write him up because the of[ficers] who searched his property [w]ould get in trouble!" *Id*. at 4. Cpt. Machin wrote a second conduct report charging Moon with violating IDOC offense B-208, which prohibits an inmate from possessing Security Threat Group ("STG") materials, because Moon had three STG photos in his property. *Id*. Moon asserts UTM Hood was again overheard telling Cpt. Machin he could not be written up for the photos or property because the officers who "let him up [into R-Dorm] with [these items] [w]ould be in trouble." *Id*.

Moon was screened on the two disciplinary offenses and DHB Ofc. Velazquez conducted a hearing in November 2020. *Id*. Moon presented two witness statements and requested the video footage from the visiting room of R-Dorm where Cpt. Machin searched his property on November 16. *Id*. The hearing was continued but Moon never received the footage. *Id*. On December 17, DHB Ofc. R. Nash conducted a rehearing and found Moon guilty of offense B-215. *Id*. at 5. He asserts he was found guilty because Cpt. Machin told DHB Ofc. Nash that Moon's property had not been searched before he entered R-Dorm. *Id*. He states that, after the prison's internal affairs staff completed its investigation, the B-208 charge was dismissed. *Id*. at 4.

2

In his complaint, Moon alleges that the disciplinary sanctions prevented him from being able to participate in rehabilitation programs and made him ineligible for a work release program. ECF 1 at 5. As a result, he asserts his due process rights were violated because he lost the opportunity to earn a future award of good time credit through completing the Recovery While Incarcerated Program, which would have reduced his sentence. *Id*. "The due process clause of the fourteenth amendment . . . applies only to deprivations of life, liberty, and property. Otherwise states are free to act summarily." *Marion v. Radtke*, 641 F.3d 874, 875 (7th Cir. 2011). Termination from a prison job, the loss of privileges, or a transfer to a less desirable location do not trigger due process protections. *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (claims that inmate "lost his preferred prison living arrangement, his prison job and his eligibility for rehabilitative programs" were not significant enough to trigger due process concerns); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property in their classifications and prison assignments"); *Higgason v. Farley*, 83 F.3d 807, 809–10 (7th Cir. 1995) (no liberty or property interest in educational programs).

While Moon asserts he was found guilty of offense B-215, he does not say if he lost credit time. If Moon did not lose credit time, then the due process clause is not implicated. If Moon lost credit time, he can only pursue a claim that he was wrongfully charged if the guilty finding has been overturned. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997) ("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his

3

conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."). Moon needs to clarify what sanctions were imposed as a result of the finding of guilt and whether those sanctions have been suspended so the court can appropriately evaluate his due process claim.[1]

Moon's complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Moon may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

**Furthermore, in the amended complaint, Moon should provide a legible copy of the December 17, 2020, Report of Disciplinary Hearing where he was found guilty of offense B-215. If he is unable to obtain a legible copy of the Report of Disciplinary Hearing, he should indicate the amount of credit time he lost, if he received a demotion in his credit class, and if those grievous losses were imposed or suspended**.

For these reasons, the court:

---

[1] To the extent that Moon intends to challenge the finding of guilt, if he lost good time credit, habeas corpus is his exclusive remedy. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . .").

(1) GRANTS Charles A. Moon, Jr., until **November 3, 2023**, to file an amended complaint; and

(2) CAUTIONS Charles A. Moon, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 10, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT