UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES A. MOON, JR.,

    Plaintiff,

           v.                               CAUSE NO. 3:22-CV-296-JD-JEM

JOHN GALIPEAU, et al.,

    Defendants.

## OPINION AND ORDER

Charles A. Moon, Jr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against nine defendants, challenging a disciplinary proceeding based on what he said was a false and retaliatory conduct report. ECF 1. The court determined that the complaint could not proceed because Moon had not plausibly alleged that he lost a liberty interest as a result of the disciplinary proceeding; without a liberty interest, he had no right to any protections under the due process clause. ECF 23. He has filed an amended complaint against the same defendants. ECF 24. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Moon alleges that he was issued two disciplinary tickets—one for unauthorized property and the other for possessing STG (Security Threat Group) photographs—based on a search that occurred on November 17, 2020. Moon contends the search could not have turned up unauthorized items because he had just been transferred to Westville Correctional Facility the day before and both he and his property had undergone a thorough search before he was allowed to enter the dorm. Thus, he could not have been in possession of unauthorized items. The charge relating to the STG photographs was thrown out for undisclosed reasons, but Moon was found guilty of offense B-215 for possessing unauthorized property at a prison disciplinary hearing. Moon was sanctioned with the loss of thirty days earned credit time, but the sanction was suspended and never imposed.

Moon alleges that he was denied procedural due process protections at his disciplinary hearing because DHB Ofc. Velazquez denied him video evidence and DHB Ofc. R. Nash found him guilty of offense B-215 based on false statements. However, because the sanction was suspended and never imposed, Moon did not lose any liberty interest protected by the Fourteenth Amendment. Due process is required only when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Neither is found here. Without a protected liberty interest, Moon cannot challenge the procedures used during the disciplinary hearing and therefore has not stated a claim against either DHB Ofc. Velazquez and DHB Ofc. Nash.

Moon next asserts that he was searched and issued those conduct reports in retaliation for filing grievances in violation of the First Amendment. Under the First Amendment, an inmate cannot be punished for engaging in certain kinds of speech. To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal quotation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

As to his First Amendment claim, Moon asserts that Cpt. Machin, Sgt. Caldwell, and Ofc. Early searched his personal property on November 16, 2020, and Cpt. Machin and UTM Hood strip searched him and searched his property on November 17, because he filed grievances. He further alleges that Cpt. Machin and Ofc. Gleason wrote him up on multiple disciplinary conduct reports on November 17, because he filed grievances. Moon filed informal and formal grievances on November 30, 2020 and December 1, 2020, respectively. Because he filed his informal and formal grievances on November 30, 2020 and December 1, 2020, which was *after* the alleged retaliatory events on November 16 and 17, he has not plausibly alleged First Amendment retaliation claims against these five defendants.

Moon has also sued Warden John Galipeau and Deputy Warden Kenneth Gann. However, other than listing them in the caption of the case, he never mentions them in

3

the body of his amended complaint. Furthermore, liability under 42 U.S.C. § 1983 is based on personal responsibility, and high-ranking officials cannot be held liable for damages simply because they oversee operations at the prison or supervise other prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is nothing to suggest that either Warden Galipeau or Deputy Warden Gann had any personal involvement in the events underlying the amended complaint. Therefore, he may not proceed against these two defendants.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on March 28, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT